**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                  **Plaintiff,**

v.                                              **21-CR-9 JLS**

**LARRY D. JORDAN II,**

                  **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Larry D. Jordan II ("the defendant"), filed a motion wherein he seeks suppression of alleged statements made by him while in "custodial interrogation at his residence" as well as "any and all post-arrest statements made by [him] during the three hour interrogation at the FBI" since "the statements were not voluntary." Dkt. #83, pp. 17-18, ¶s 48, 49, 51, 52. As an alternative, the defendant requested that this Court "conduct a hearing to determine the admissibility of the evidence." Dkt. #83, p. 19, ¶ 53. However, the defendant failed to submit an affidavit

in support of his motions.

On August 31, 2022, this Court heard oral argument of the defendant's omnibus discovery motions (Dkt. #83) and ruled on all of the issues raised in that motion from the bench. (*See* minute entry of August 31, 2022). At that time, this Court gave the defendant until September 12, 2022 to file an appropriate affidavit in support of his motions seeking suppression of evidence and/or an evidentiary hearing in the alternative. The government was to respond to any filings by the defendant no later than September 19, 2022. (*See* minute entry of August 31, 2022).

On September 14, 2022, the government filed a "Notice of Defendant's Failure to File Affidavit." Dkt. #101.

## **DISCUSSION AND ANALYSIS**

The defendant basically claims that at the time he was placed in custody pursuant to an arrest warrant on September 10, 2020 at his residence located at 19 Crabapple Lane, Lancaster New York, he was not given *Miranda* warnings by the arresting agents and therefore any statements made by him "in response to a custodial interrogation at his residence" as well as "all post-arrest statements by [him] during the three hour interrogation at the FBI should be suppressed as the statements were not

2

voluntary."   Dkt. #83, p. 18.  ¶s 49, 51.

In its response to the defendant's motions, the government asserts that the defendant "was arrested while agents were conducting the search of [his] home" and that he was "brought to an interview room at the FBI Field Office" and was given *Miranda* warnings and advice of rights "from a pre-written waiver form" and the defendant acknowledged that he understood his rights and he signed the waiver of rights form.   Dkt. #90, pp. 16-17.   A video recording was made of the proceedings in which the defendant was given *Miranda* warnings and advice of rights and a copy of that recording was given to defendant's attorney in discovery.   Dkt. #90, p. 16; *see also* Government Exhibit B attached to its Response.

As stated by the Court in *United States v. Caruso*, "without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers."   684 F. Supp. 84, 87 (S.D.N.Y. 1988); *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); *United States v. Elgin*, 837 F. Supp. 570, 572 (S.D.N.Y. 1993).

Since the defendant has failed to comply with this Court's directive of August 31, 2022 by not submitting an affidavit in support of his suppression motion and his alternative request for an evidentiary hearing, it is recommended that his motions be

3

denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.   *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>**.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   Buffalo, New York
         October 5, 2022

                                    *H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**